IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SHERMAN TERRACE CONDOMINIUM
ASSOCIATION, INC.,

Plaintiff,

v.   CAUSE NO.:

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY,

Defendant.

**COMPLAINT AND JURY DEMAND, BREACH OF CONTRACT, STATUTORY BAD FAITH, AND BREACH OF COMMON LAW DUTY TO ACT FAIRLY AND IN GOOD FAITH**

COMES NOW, the Plaintiff, SHERMAN TERRACE CONDOMINIUM ASSOCIATION, INC. ("Plaintiff"), by and through its undersigned counsel, and hereby files this Complaint against its insurer, Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, ("Defendant"), for the reasons stated herein below:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action seeking economic and non-economic damages arising from Defendant's bad faith conduct, unreasonable delay, and failure to pay in full covered benefits due and owing under Plaintiff's first-party insurance contract.

**PARTIES**

2.  During all times material hereto, Plaintiff has been the owner of real property located at 121 - 139 E. 8th Avenue, Denver, Colorado, 80203.

3.  Defendant is a Wisconsin Corporation with its registered agent located in Madison, Wisconsin.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

5. A cause of action exists under Colorado state law for claims regarding the conduct complained of herein.

6. Jurisdiction is proper as to Defendant pursuant to C.R.S. § 13-1-124(1)(a), (b), and (d) because Defendant conducted the business at issue in this action and contracted to insure property within the State of Colorado.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a limited liability company organized in Colorado, and the events giving rise to Plaintiff's property damage claims, and the adjustment thereof, occurred in this District. Venue in this District is also appropriate because this action addresses an insurance dispute involving a contract negotiated and issued in Colorado regarding a property loss that occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

8. Defendant issued policy number 05XH314303 (the "Policy") to Plaintiff. A true and accurate copy of the Policy is attached to the complaint hereto as **Exhibit "A."**

9. Under the Policy, Defendant was obligated to pay for direct physical loss and damage to the insured premises resulting from hail and wind.

10. Under the Policy, Defendant agreed to adjust all losses with its insured fairly and timely.

11. Plaintiff paid the premiums due on the Policy in a timely manner, and performed all duties and responsibilities required of it under the Policy.

12.     Plaintiff timely made a claim to Defendant for benefits under the Policy, namely the cost to repair and restore or replace the property's damage. Defendant acknowledged the claim, assigning Claim No. 00-225-144937 to the loss.

13.     Plaintiff has fulfilled all other duties required of it under the Policy after discovery of the loss.

14.     On or about June 24, 2015, Plaintiff suffered a loss at the insured property due to hail and/or wind.

15.     Thereafter, the Plaintiff retained C3 Group, Inc., ("C3 Group"), a Colorado State licensed public adjusting firm to assist Plaintiff with the adjustment of the loss.

16.     Plaintiff timely reported the claim to Defendant through C3 Group.

17.     C3 Group performed a report and estimate as to the damage at the insured property in March of 2016.

18.     C3 Group's initial estimate was $86,393.51. C3 Group's final estimate totaled $143,819.99. A copy C3 Group's final estimate is attached as **Exhibit "B."**

19.     In July of 2016, Defendant inspected the property.

20.     On or about August 25, 2016, Defendant presented its estimate for the loss which totaled $82,860.57 in Replacement Cost Benefits. *See* American Family's estimate attached hereto as **Exhibit "C."**

21.     Along with the estimate, Defendant tendered $61,521.87 for the loss. This amount represented the $82,860.57 less $20,338.70 in recoverable depreciation, less the $1,000 deductible.

22.     Plaintiff also retained LR Contracting, Inc. to perform the repairs. Its estimate initially was $159,397.61, but after reviewing its estimate alongside C3 Group's, LR Contracting, Inc., modified its estimate to total $145,846.99. A copy LR Contracting, Inc.'s estimate is attached

hereto as **Exhibit "D."** Plaintiff is seeking the full repair costs as delineated by LR Contracting, Inc.

23. The supplements identified during the repairs include the installation of sub-straight at certain points, chimney replacement, and removal and patch of part of the modified bitumen membrane.

24. Specifically, LR Contracting, Inc., created a proposal for labor and material to install a sub-straight at all existing parapet walls in order to properly attach the new roof membrane. It explained on its bid that the sub-straight was needed due to the age of the masonry walls, it wanted to avoid damaging the integrity of those walls when removing the old modified bitumen membrane. This would be at an additional cost of $3,967.44. *See* LR Contracting Sub-Straight bid attached hereto as **Exhibit "E."**

25. U.S. General Consulting was retained on or about March 3, 2016 to patch the modified bitumen roof membrane at a cost of $529.29. *See* U.S. General Consulting bid attached hereto as **Exhibit "F."**

26. DH Construction, Inc. was called upon to provide bids for the replacement of the three chimneys at a cost of $972 per unit, or $2,925 for all three chimneys. *See* DH Construction Inc's proposal attached hereto as "**Exhibit G.**"

27. A copy of the LR Contracting and C3 Group estimates were provided to Defendant for consideration and review on or about April 3, 2017.

28. On or about April 13, 2017, the email with the attached estimates was resent to Defendant by C3 Group.

29. Defendant finally acknowledged receipt of the email with the attached estimates on or about April 25, 2017.

30. Thereafter, on May 17, 2017, additional photographs and documents were submitted by C3 Group on behalf of the insured for Defendant's consideration.

31. Defendant confirmed receipt of these documents on or about May 18, 2017.

32. Based on the fact that the Plaintiff had provided Defendant with additional information for which to use in adjusting the loss, Plaintiff requested for the policy's contractual limitation period that shortens the statutory period to file an action be tolled on May 19, 2017.

33. Defendant rejected Plaintiff's request later that day.

34. On May 23, 2017, Defendant did pay Plaintiff the outstanding undisputed amount in recoverable depreciation, or $20,338.70.

35. Representatives of C3 Group and Defendant met to discuss the $60,958.95 in contractor supplements; however, these amounts, to date, remain unpaid.

36. Thereafter, supplemental documentation was provided by C3 Group from LR Contracting for Defendant's consideration.

37. Defendant confirmed receipt of these documents on or about June 12, 2017.

38. On or about June 19, 2017, C3 Group requested status from the Defendant as to the review of this supplemental documentation.

39. To date, there has not been a response from Defendant as to the provided supplemental documentation.

40. As such, Plaintiff must file this lawsuit in order to protect its rights under the policy and applicable Colorado law.

41. To date, Defendant has not fully paid for Plaintiff's loss.

42. Defendant is refusing to pay for items related Plaintiff's contractor's compliance with OSHA requirements.

43. Defendant is refusing to pay for the full scope of the loss.

44. Defendant has not consulted a contractor and yet refuses to pay the items identified by Plaintiff's contractor.

45. At no time has Defendant consulted with a construction expert.

46. Instead, Defendant relies on its adjuster's evaluation who is not a contractor.

47. Plaintiff performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, has been excused from performance by the acts, representations and/or conduct of Defendant.

## COUNT I - BREACH OF CONTRACT

48. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through forty-seven as set forth above.

49. Defendant has a duty to indemnify Plaintiff from damages caused by covered perils under the policy including damages resulting from hail and/or wind.

50. Unless specifically excluded or limited by the express terms of the policy, Defendant has a duty indemnify Plaintiff for any and damages resulting from the reported loss.

51. Defendant has breached these duties and it has breached the terms of its policy of insurance by failing to pay the benefits due and owing under the policy for Plaintiff's claim. Such a breach has proximately caused damage to Plaintiff and Plaintiff demands full benefits due and owing under the policy.

52. Plaintiff has been damaged by failing to receive the full benefits due and owing under the policy for the damages to its building.

53. Plaintiff is entitled to full compensation for its losses.

54. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to constitute a material breach of the insurance contract with

Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorneys' fees and costs.

**WHEREFORE,** the Plaintiff, SHERMAN TERRACE CONDOMINIUM ASSOCIATION, INC., respectfully requests that this Court enter Judgment against Defendant for damages, costs, pre-judgment interest, attorneys' fees pursuant to pursuant to applicable law, and such other relief as the Court deems appropriate.

**COUNT II - UNREASONABLE DELAY IN VIOLATION OF C.R.S §§ 10-3-1115 and 1116**

55.  Plaintiff re-alleges paragraphs one through fifty-four as though fully set forth herein.

56.  Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

57.  Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

58.  Defendant has unreasonably delayed payment to Plaintiff and the adjustment of Plaintiff's loss. Among other objectively unreasonable actions, Defendant has committed unfair claim settlement practices including, without limitation:

(a) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, as alleged above, resulting in the foreseeable consequences that Plaintiff was required to obtain professional assistance to investigate and adjust the loss and claim at substantial expense;

(b) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies, as alleged above, resulting in unreasonable investigation, depreciation practices and under-scoping and payment of available policy benefits;

7

(c) Refusing to pay claims without conducting a reasonable investigation based upon all available information, as alleged above;

(d) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, as alleged above, and instead taking unsustainable and objectively unreasonable coverage and adjusting positions;

(e) Compelling Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such Plaintiff/insured;

(f) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage, as alleged above;

(g) Misrepresenting the terms and conditions of the policy, as shown in the attempt to influence the insured to settle for less than all benefits reasonably afforded under the Policy for the subject loss and damage;

(h) Encouraging its claim representatives to engage in unfair claims settlement practices against its insured, thereby violating applicable laws and regulations of the State of Colorado; and

(i) Not agreeing to pay for like kind and quality.

59. Defendant has no reasonable basis for failing to pay the damages to the buildings timely.

60. Defendant has a profit over policyholder systematic approach to adjusting claims.

61. Defendant provides performance bonuses to its claims handlers based on the company's financial performance which is directly related to its loss-ratios and claim payments.

62. Defendant employs adjusters lacking experience in the construction field.

63. Defendant retains outcome oriented engineers that ignore direct physical damages caused by covered perils.

64. Defendant failed to properly instruct its claim examiners/engineers during its investigation.

65. Defendant is refusing to pay for a legal repair and is refusing to pay for costs related to Plaintiff's contractor's legal obligations under Denver's Building Code and OSHA.

66. Defendant is refusing to pay for certain line items required to affect the proper repair.

67. Defendant failed to complete an adequate investigation in determining the full extent of the damages to the buildings.

68. Defendant failed to fairly consider all available evidence to determine the full scope of loss, including its failure to fairly evaluate LR Contracting's estimate and scope of loss.

69. Defendant relied on inexperienced adjusters in determining the scope of the loss and cost for repair.

70. Defendant's Operating Guidelines, Best Practices, or Claims Manual" fail to provide its adjusters with sufficient guidelines in adjusting Plaintiff's loss.

71. Colorado Revised Statute § 10-3-1116 authorizes a first-party claimant, such as Plaintiff, whose claim for payment of benefits has been unreasonably delayed or denied to bring an action in a district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

**WHEREFORE,** the Plaintiff, SHERMAN TERRACE CONDOMINIUM ASSOCIATION, INC., respectfully requests this Court enter judgment against Defendant for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## COUNT III - COMMON LAW BAD FAITH

72. Plaintiff re-alleges paragraphs one through seventy-one as though fully set forth herein.

73. Under the insurance policy and Colorado law, an insurer owes its insured the duty of good faith and fair dealing.

74. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices.

75. Defendant chose to limit Colorado's statutory period for Plaintiff to file an action to only two-years.

76. Defendant is now delaying the handling of Plaintiff's claim to avoid making payment prior to the expiration of the two-year period.

77. Indeed, Defendant refused to execute a Tolling Agreement to allow the parties more time adjust Plaintiff's claim.

78. Defendant has failed to honor its obligations under the policy and fully indemnify Plaintiff.

79. Among other circumstances, Defendant has committed unfair claim settlement practices as alleged above.

80. Defendant has committed such actions willfully and with such frequency as to indicate a general business practice.

81. Defendant, its representatives, and its adjusters owed Plaintiff the duty to act in good faith and to deal with it fairly.

82. Defendant owed Plaintiff the non-delegable duty to investigate its claim objectively and to not look for ways to deny benefits or attempt to not pay the full amount owed.

83. Defendant owed Plaintiff the duty to give equal consideration to the financial interests of its insured and not to give greater consideration to its own financial interests while investigating and adjusting its insured's claims.

84. Defendant sold Plaintiff the policy at issue, the intent of which was to provide benefits for covered losses that occurred during the policy period.

85. Plaintiff has cooperated with Defendant in the processing of its claim for the covered benefits.

86. Plaintiff has cooperated with Defendant's investigation and has not erected any obstacles to Defendant's ability to investigate and evaluate Plaintiff's claims for the covered benefits owed.

87. Defendant knew that Plaintiff purchased the policy to protect its property in the event of a loss.

88. Defendant knew that its decision to underpay the benefits owed to Plaintiff was intentional and not accidental.

89. Defendant knew that its decision to underpay or deny benefits owed to Plaintiff would cause emotional distress and harm to Plaintiff.

90. Defendant knew that it owed an obligation of good faith and fair dealing to Plaintiff.

91. As a direct and proximate result of Defendant's actions, Plaintiff has:

   (a) incurred and will incur in the future increased costs to repair, restore and/or replace the significant property damage;

   (b) suffered and will continue to suffer damages as a proximate result of the misconduct alleged; and

   (c) suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory fees, and other losses.

**WHEREFORE,** the Plaintiff, SHERMAN TERRACE CONDOMINIUM ASSOCIATION, INC., respectfully requests that this Court enter Judgment against Defendant for damages, costs, pre-judgment interest, attorneys' fees pursuant to pursuant to applicable law, and such other relief as the Court deems appropriate.

**Plaintiff Demands Trial by Jury of All Issues So Triable.**

Respectfully submitted this 23rd day of June, 2017.

       /s/Larry E. Bache, Jr.
Larry E. Bache, Jr.
Merlin Law Group, PA
999 18th Street, Suite 3000
Denver, CO 80202
Telephone: 303-357-2374
Facsimile: 303-357-2377
lbache@merlinlawgroup.com
*Attorneys for Plaintiff*